UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO CANELA,<br><br>                    Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, Secretary,<br><br>                    Respondent. | Case No.: 19cv1434-GPC (MSB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR POST-CONVICTION DISCOVERY AND REPORTER'S TRANSCRIPTS FOR HABEAS CORPUS PROCEEDINGS**<br>**[ECF NO. 49]** |

Currently pending before the Court is the Petitioner's "Motion for a Federal Court to Order for Post-Conviction Discovery and Reporter's Transcripts for Habeas Corpus Proceedings." (See ECF No. 49.) For the reasons set forth below, the Court **DENIES in part** and **GRANTS in part** Petitioner's motion.

**I.    BACKGROUND**

Petitioner filed his Petition for Writ of Habeas Corpus on July 17, 2019. (ECF No. 1.) In it, he attacks his state superior court conviction for numerous criminal offenses, including premeditated attempted murder of a police officer and several drug and firearm-related offenses. (See id. at 2-3.) Petitioner's singular claim on habeas is that the trial court "denied [him] a fundamental constitutional right when [it] erred in

revoking his right to self-representation just prior to the start of trial." (Id. at 6.) Respondent answered the Petition on October 10, 2019, and filed a 3900-page Notice of Lodgment and Lodgment in support thereof. (ECF Nos. 13, 14.)

Over the last two years, the Court has granted multiple requests from Petitioner to continue his deadline to file a traverse, (see ECF Nos. 16, 21, 23, 25, 27, 29, 31, 33, 40, 42, 46), which is currently due on January 7, 2022, (ECF No. 46). Among the reasons for the various continuances have been Petitioner's lack of legal training; limited, intermittent access to the law library and telephone; pending requests to the superior court for transcripts and other discovery; and primarily, restrictions on prisoner movement and interruptions to law library access due to the COVID-19 pandemic. (See ECF Nos. 15, 18, 22, 24, 26, 28, 30, 32, 37, 39, 41, 43.)

On November 12, 2021, Petitioner filed the instant motion for discovery and transcripts, asking this Court to order others to provide him with three items/categories of documents. (ECF No. 49.) Specifically, he asks this Court to order (1) the Clerk of the Superior Court to provide photocopies of "all exhibits presented or denied at Petitioner's trial"; (2) the Clerk of the Superior Court to provide a certified copy of the reporter's transcript from December 4, 2015, with an order to unseal the in-camera proceedings from the same date; and (3) the District Attorney's Office to provide an unredacted copy of the District Attorney's discovery at Bates numbers 2254-2274 in case number SCD251838. (Id. at 1-2, 14-28.)

II.   DISCUSSION

In support of his requests, Petitioner primary relies on authority related to an indigent criminal appellant's right to obtain a free copy of the trial transcript. (See ECF No. 49 at 3-4, 8.) However, such authority only applies to trial transcripts, and "[w]hile on direct appeal, an indigent criminal defendant has an absolute right to trial transcripts, Griffin v. Illinois, 351 U.S. 12 (1956), the United States Supreme Court has held that there is no absolute constitutional right to a free copy of the record on collateral review. United States v. MacCollum, 426 U.S. 317, (1976)." Dunsmore v.

Beard, No. 13CV1193-GPC(PCL), 2014 WL 7205659, at *4 (S.D. Cal. Dec. 17, 2014). Because the cited authority does not support Petitioner's requests, the Court will liberally construe his request and instead apply the law relevant to discovery in federal habeas cases. See, e.g., Buchanan v. Cate, Civil No. 10cv423 BTM (NLS), 2011 WL 2066658, at *4 (S.D. Cal. May 24, 2011) (liberally construing and analyzing pro se Petitioner's request for transcripts). The Court will first consider Petitioner's arguments common to all requested discovery, before addressing his position regarding specific items.

### A.   Legal Standard for Discovery in Habeas Corpus

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6 of the Rules Governing § 2254 Cases addresses discovery in the context of habeas petitions from state court convictions. It specifically provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a), 28 U.S.C. foll. § 2254. The requesting party "must provide reasons for the request" and "specify any requested documents." Id. at Rule 6(a)-(b). A court should find good cause for discovery when "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908–09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)). "Before addressing whether petitioner is entitled to discovery under [Rule 6] to support his . . . claim, we must first identify the 'essential elements' of that claim." Id. at 904 (citation omitted). Habeas, and discovery in pursuit thereof, "was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'" Rich v. Calderon, 187 F.3d 1064, 1067 (9th Cir. 1999) (internal citations omitted).

///
///
///

B. **Except for the December 4, 2015 In-Camera Proceeding, Petitioner Has Not Shown Good Cause for the Requested Discovery.**

In addition to some more specific reasons provided for certain requested documents, Petitioner generally explains in support of all of his requests that "[w]ithout the record of the case [he] is placed in an untenable position because he will be unable to accomplish the research of the facts and law(s) of the case"; that he will not be able to provide specific references to the record, in the interest of judicial efficiency; and that the requested records are needed to demonstrate that his constitutional due process rights have been violated.  (ECF No. 49 at 3.)  This generalized basis, however, is not good cause to permit discovery.

The starting point of the good cause analysis requires this Court to consider whether the requested discovery could support the allegations raised by the petitioner. See Bracy, 520 U.S. at 904.  Petitioner has not alleged a due process claim in his Petition, but instead maintains a single claim that the Court violated his right to self-representation under the Sixth Amendment of the United States Constitution.  (ECF No. 1 at 6-7.)  The Court therefore looks to whether the requested discovery could demonstrate that Petitioner is entitled to relief under that claim.

The Supreme Court has stated that "an accused has a Sixth Amendment right to conduct his own defense, provided only that he knowingly and intelligently forgoes his right to counsel and that he is able and willing to abide by rules of procedure and courtroom protocol."  McKaskle v. Wiggins, 465 U.S. 168, 173 (1984).  In Faretta v. California, the Supreme Court also acknowledged that "the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct."  422 U.S. 806, 834 n.46 (1975) (citing Illinois v. Allen, 397 U.S. 337 (1970)).  The Supreme Court stated that: "The right of self-representation is not a license to abuse the dignity of the courtroom.  Neither is it a license not to comply with relevant rules of procedural and substantive law."  Id.  Petitioner specifically alleges that "he was erroneously denied his fundamental constitutional right to self-

representation when the trial court abused its discretion and revoked [P]etitioner's pro per status just prior to the start of trial without a specific and adequate warning, without consideration of alternative sanctions, without sufficient showing that petitioner was disruptive or dilatory in a manner that threatened to subvert the core concept of a trial or to compromise the court's ability to conduct a fair trial, and without making an adequate record as to how appellant's misconduct would seriously threaten the core integrity of the trial." (ECF No. 1 at 8.)

Because Petitioner's allegations pertain to whether events that transpired before the trial court were sufficient to justify the trial judge's decision to revoke Petitioner's pro per status, the Court would generally expect the evidence relevant to this claim to appear in the trial court record, absent a showing that something absent therefrom could somehow prove his claim. Petitioner's general overtures regarding researching the facts and the law of his case and proving up a due process violation are completely unrelated to the claim he has alleged and exhausted. See Calderon v. U.S. District Court, 98 F.3d 1102, 1106 (9th Cir. 1996) (noting, inter alia, that a petitioner must outline factual allegations stating a prima facie case for relief on an exhausted claim before the court can assess whether discovery is appropriate); Buchanan v. Cate, 2011 WL 2066658, at *7 (noting a right to federal discovery requires an exhausted, procedurally viable, and cognizable federal claim). Such untethered general claims do not amount to good cause in support of discovery. See, e.g., Torres v. Diaz, Case No.: 19-cv-01964-LAB-JLB, 2020 WL 905631, at *4 (S.D. Cal. Feb. 24, 2020) (finding that the petitioner's request that attorney general provide him "ALL missing/withheld 'DISCOVERY'" in the state case "to properly raise his issues/grounds for relief and its[sic] supporting evidence" was not supported by good cause when petitioner did not specify which missing documents would support his specific claims); Lavery v. Singh, No. 11cv1418-WQH (BLM), 2011 WL 5975934, at *5 (S.D. Cal. Nov. 29, 2011) (finding request for "documents that 'will aid in the adjudication, facilitation, and expediting the

proceedings for relief'" lacked factual allegations to give rise to good cause for discovery).

### 1. Exhibits

Petitioner's first request calls upon this Court to order the Superior Court to provide him with all exhibits at his trial, whether they were admitted or denied. (Id. at 1.) He states that he has requested these items from the San Diego Superior Court, but the trial judge denied the request without explanation. (Id. at 1, 13.)

The Court first notes there is no reason to believe that the Superior Court would continue to possess proposed exhibits that were not accepted into the record. See Gibbs v. Lizzaraga, Case No. EDCV 16-2499 MWF(JC), 2019 WL 668831, at *3 (C.D. Cal. Feb. 15, 2019) (explaining that an exhibit that was successfully objected to, but was permitted to be used for impeachment purposes, was "not introduced at trial and not included in the record"). To the extent the exhibits are part of the record, it appears that Respondent filed both Clerk's Transcripts and Supplemental Clerk's transcripts with the Lodgment. (See ECF No. 14 at 2.) Petitioner does not offer any support beyond his general arguments, addressed above, for this claim. He does not explain in his motion whether he has or had the Clerk's Transcript, or what he believes could be helpful to his claim therein. Similarly, he has not identified any rejected exhibits that could support his claim. Therefore, Petitioner has not shown good cause to receive all exhibits, or any of them, and the Court **DENIES** this request.

### 2. Transcript of December 4, 2015 In-Camera Proceeding

Petitioner's second request seeks from the Clerk of the Superior Court, "a certified copy of the Reporter's Transcript for the date of 12-4-2015, and a court order to unseal a portion of that same transcript that was sealed by the Trial Court." (ECF No. 49 at 2.) Petitioner again states that he has sought this unsuccessfully from the Superior Court. (Id. at 2.) However, he further claims that these transcripts relate directly to the Faretta claim alleged in his Petition. (Id.) Petitioner includes two pages of the Reporter's Transcript from December 4, 2015, which demonstrate that the trial court

held sealed proceedings in-camera, that were reported but not transcribed in the record. (Id. at 10-11.)

The Court has reviewed the entire Reporter's Transcript from December 4, 2015. (See ECF No. 14-31.) The trial court held a Status Conference on that date to make sure that things were on track for the approaching trial. (See ECF No. 14-30 at 35.) During the conference, Petitioner represented himself. (ECF No. 14-31 at 1.) The trial court provided some discovery it had received pursuant to Petitioner's subpoena; discussed unresolved issues related to discovery; and confirmed a motion hearing date for December 18, 2015, at which Petitioner anticipated adjudicating, among other things, multiple Pitchess motions. (Id. at 3-10.) The trial court also explained that on December 18, 2015, it would address any trial preparation issues in anticipation of the January 6, 2016 trial date. (Id. at 10.) The trial court reminded Petitioner about the standards the court would hold him to during the trial, and informed Petitioner that he could submit questions for the judge to pose to the potential jurors during jury selection. (Id. at 11-12.)

The most pertinent part of the conference, during which the proceedings referred to by Petitioner transpire, is a discussion initiated by a representative of the Office of Assigned Counsel ("OAC"), who addressed the Court regarding certain issues the OAC was having while assisting Petitioner in the preparation of his case. (Id. at 12-17.) He first discussed the procedure for obtaining Petitioner's requested ballistics expert, (id. at 13-16), and then the procedure for Petitioner to subpoena witnesses and the need for him to articulate the relevance of those witnesses, (id. at 16-17). It was during the discussion of Petitioner's witness subpoenas, that the trial court asked the district attorney to leave so that it could proceed in-camera to discuss specific subpoenas with Petitioner and the representative from the OAC. (Id. at 16-17.) The trial court stated, "let the record reflect, the next procedures will be basically in-camera without the district attorney present." (Id. at 16.) The transcript reflects: "In-camera proceedings, ordered sealed by the Court, reported but not transcribed herein." (Id.) When the

transcript resumes, the district attorney has reentered the courtroom and the judge proceeds to discuss a process for exchanging and subpoenaing witnesses, targeted to avoid duplicate subpoenas. (Id. at 17-18.)

Based on the foregoing, it appears that the portion of the transcript Petitioner is requesting involves the in-camera conversation between Petitioner, the trial court, and the OAC representative regarding the process for identifying the relevance of and subpoenaing witnesses. Aside from stating that the transcript is relevant to the issue briefed in his Petition, Petitioner has not specifically identified what was said or how it could bear upon the issue before the Court. Because the trial court appears to have revoked Petitioner's pro per status in response to his repeated threat to inform the jury that the Court and the prosecutor were not giving him discovery in the form of certain printed photographs, (ECF No. 14-4 at 70-76, 79), it seems unlikely that anything in this in-camera proceeding related to witness subpoenas is relevant to Petitioner's claim. However, generously interpreting Petitioner's motion considering his pro se status, it is conceivable that something from that exchange could support Petitioner's habeas claim. To be prudent in the protection of Petitioner's rights, the Court will permit discovery of this transcript, and **GRANTS** this request **in part** as follows.

Rule 5(c) of the Rules Governing 2254 Cases requires Respondent to state in its answer "what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed," and to attach "parts of the transcript that the respondent considers relevant." It further provides that "[t]he judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained the respondent may submit a narrative summary of the evidence." In these circumstances, the Court **ORDERS** Respondent to lodge transcripts of the in-camera proceeding from December 4, 2015 with the Court no later than two weeks after the filing date of this Order. If Respondent is unable to lodge the transcript, he must file a declaration explaining his

efforts to obtain the transcript and why it was unsuccessful.  <u>See, e.g.</u>, <u>Buchanan v. Cate</u>, 2011 WL 2066658, at *4.

### 3.  Unredacted Blood Test

Petitioner's final request for discovery is for unredacted blood test results that were purportedly taken from Petitioner the day after his arrest.  (ECF No. 49 at 2.) Petitioner states that he requested this from the District Attorney's office, who refused to provide the redacted information, which they claimed did not pertain to Petitioner's case.  (<u>Id.</u> at 1, <u>see also</u> <u>id.</u> at 27-28 (letter from District Attorney's Office responding to Petitioner's discovery request and explaining that "[t]he information redacted from the original discovery would remain redacted if any post-conviction discovery is produced, because it is not information you would have been entitled to at the time of trial . . . [because] it does not pertain to your case").)

While Petitioner appears to be calling into question whether the blood draw occurred on the date indicated, (<u>see</u> <u>id.</u> at 2), he does not explain how evidence regarding the validity or date of the blood draw would be relevant to the only claim he has raised on habeas—whether the trial court was justified in revoking his pro per status at trial—or otherwise support a claim that would entitle him to relief.  Therefore, Petitioner has not shown good cause for the Court to permit this discovery, and the Court **DENIES** this request.

### C.  Petitioner's Deadline to File a Traverse is Continued.

Petitioner's Traverse is currently due on January 7, 2021.  (ECF No. 46.)  To allow time for Respondent to provide the transcript as required by this order, and for Petitioner to review and consider the filing prior to filing a traverse, the Court **sua sponte CONTINUES** Petitioner's deadline to file a traverse to  **February 16, 2022**.

### III.  CONCLUSION

For the reasons explained in this Order, the Court **GRANTS** Petitioner's motion for discovery **in part**, **DENIES** it **in part**, and **ORDERS** Respondent to lodge transcripts of the in-camera proceeding on December 4, 2015 with the Court no later than **two weeks**

**after the filing date of this Order**. If Respondent is unable to lodge the transcript, he must file a declaration explaining his efforts to obtain the transcript and why it was unsuccessful. Petitioner's requests for other discovery are **DENIED**. The Court **sua sponte CONTINUES** Petitioner's deadline to file a traverse to **February 16, 2022**.

    **IT IS SO ORDERED.**

Dated: January 4, 2022

Honorable Michael S. Berg
United States Magistrate Judge